J. S28002/14

2014 PA Super 231

| | | |
|---|---|---|
| J.K. | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| v. | : | |
| | : | |
| W.L.K., | : | No. 3244 EDA 2013 |
| | : | |
| Appellant | : | |

Appeal from the Order Entered October 25, 2013,
in the Court of Common Pleas of Chester County
Civil Division at No. 2011-01265-CU

BEFORE:  FORD ELLIOTT, P.J.E., LAZARUS AND PLATT,* JJ.

OPINION BY FORD ELLIOTT, P.J.E.:**FILED OCTOBER 14, 2014**

Appellant, W.L.K. ("Father"), appeals from the order that denied his petition to transfer jurisdiction from Chester County, Pennsylvania, to Montgomery County, Pennsylvania.  Upon review, we reverse.

Father and J.K. ("Mother") are the natural parents of N.P.K., born in 2005, and G.W.K., born in 2009 ("the Children").  On February 3, 2011, Mother filed for divorce from Father and sought custody of the Children.  At the time, Mother and Father were residing in Chester County where Mother filed her divorce complaint.  The parties entered into a stipulated custody order on March 10, 2011, whereby Mother obtained primary physical custody of the Children subject to Father's periods of partial physical custody.  Shortly thereafter, Mother and Father separately relocated to Montgomery County and have been residing there for over two years with the Children.

---

* Retired Senior Judge assigned to the Superior Court.

(Notes of testimony, 10/16/13 at 3, 7.) The parties currently reside approximately one mile from each other.

On September 16, 2013, Father filed a petition to transfer jurisdiction to Montgomery County. Mother filed an answer contesting Father's petition. A hearing was held on October 16, 2013. An order denying Father's petition was issued on October 25, 2013, and docketed on October 30, 2013. Father filed a concise statement of errors complained of on appeal concurrently with his notice of appeal. *See* Pa.R.A.P. 904(f).[1] Father raises two issues for this court's consideration:

> a. Did the trial court err as a matter of law and abuse its discretion in continuing to exercise jurisdiction over the custody matter in light of the Uniform Child Custody Jurisdiction and Enforcement Act, 23 Pa.C.S.A. § 5401 et seq.?
>
> b. Did the trial court err as a matter of law and abuse its discretion when it found that Chester County was not an inconvenient forum under Pennsylvania Rule of Civil Procedure 1915.2?

Father's brief at 4.[2]

In addressing Father's first issue, we apply the following standard of review:

> A court's decision to exercise or decline jurisdiction is subject to an abuse of discretion standard of review and will not be disturbed absent an abuse of that discretion. Under

---

[1] We note this case is labeled a children's fast track appeal; however, the only issue before us concerns the transfer of venue/jurisdiction. There is no custody petition or modification petition pending.

[2] Mother has not filed a brief in this matter.

Pennsylvania law, an abuse of discretion occurs when the court has overridden or misapplied the law, when its judgment is manifestly unreasonable, or when there is insufficient evidence of record to support the court's findings. An abuse of discretion requires clear and convincing evidence that the trial court misapplied the law or failed to follow proper legal procedures.

*Lucas v. Lucas*, 882 A.2d 523, 527 (Pa.Super. 2005).

Father contends the trial court erred when it failed to apply the Uniform Child Custody Jurisdiction and Enforcement Act ("UCCJEA"), 23 Pa.C.S.A. §§ 5401-5484, to this matter. Instead, the trial court applied Pennsylvania Rule of Civil Procedure 1915.2(c), 42 Pa.C.S.A., and denied transfer of the case to Montgomery County. The trial court ruled Father failed to show that that Chester County was an inconvenient forum.

Our supreme court explained jurisdiction and venue as follows:

Frequently, the terms jurisdiction and venue are used interchangeably although in fact they represent distinctly different concepts. Subject matter jurisdiction refers to the competency of a given court to determine controversies of a particular class or kind to which the case presented for its consideration belongs. Venue is the place in which a particular action is to be brought and determined, and is a matter for the convenience of the litigants. Jurisdiction denotes the power of the court whereas venue considers the practicalities to determine the appropriate forum.

*In re R.L.L.'s Estate*, 409 A.2d 321, 322 n.3 (Pa. 1979) (internal citations omitted); *Commonwealth v. Bethea*, 828 A.2d 1066, 1075 (Pa. 2003) (the terms, subject matter jurisdiction and venue, must exist simultaneously in order for a court to properly exercise its power to resolve a particular controversy).

Pennsylvania adopted the UCCJEA in 2004.[3] The purpose of the UCCJEA is to avoid jurisdictional competition, promote cooperation between courts, deter the abduction of children, avoid relitigation of custody decisions of other states, and facilitate the enforcement of custody orders of other states. 23 Pa.C.S.A. § 5401, Uniform Law Comment. While the UCCJEA is applicable to interstate proceedings, our Legislature has determined that its provisions "allocating jurisdiction and functions between and among courts of different states shall also allocate jurisdiction and functions between and among the courts of common pleas of this Commonwealth." 23 Pa.C.S.A. § 5471.

In order to effectuate this legislative mandate, our supreme court has promulgated specific rules for applying the provisions of the UCCJEA to intrastate custody disputes. The rules recognize that all counties within the Commonwealth maintain subject matter jurisdiction of custody disputes. However, Pennsylvania Rule of Civil Procedure 1915.2 governing venue of custody matters defines how and what county may properly exercise that jurisdiction. The rule provides:

---

[3] The UCCJEA was promulgated by the National Conference of Commissioners on Uniform State Laws in 1997 and became effective in Pennsylvania in 2004. The UCCJEA replaced the Uniform Child Custody Jurisdiction Act ("UCCJA"), 23 Pa.C.S.A. §§ 5341-5366, repealed. The UCCJEA re-enacts many provisions of the UCCJA.

**Rule 1915.2.  Venue**

(a)  An action may be brought in any county

    (1)(i)   which is the home county of the child at the time of commencement of the proceeding, or

    (ii)   which had been the child's home county within six months before commencement of the proceeding and the child is absent from the county but a parent or person acting as parent continues to live in the county; or

    (2)   when the court of another county does not have venue under subdivision (1), and the child and the child's parents, or the child and at least one parent or a person acting as a parent, have a significant connection with the county other than mere physical presence and there is available within the county substantial evidence concerning the child's, protection, training and personal relationships; or

    (3)   when all counties in which venue is proper pursuant to subdivisions (1) and (2) have found that the court before which the action is pending is the more appropriate forum to determine the custody of the child; or

    (4)   when it appears that venue would not be proper in any other county under prerequisites substantially in accordance with paragraphs (1), (2) or (3); or

    (5)   when the child is present in the county and has been abandoned or it is necessary in an emergency to protect the child because the child or a sibling or parent of the child is subjected to or threatened with mistreatment or abuse.

(b)  Physical presence of the child or a party, while desirable, is not necessary or sufficient to make a child custody determination except as provided in subdivision (a)(5) above.

> (c) The court at any time may transfer an action to the appropriate court of any other county where the action could originally have been brought or could be brought if it determines that it is an inconvenient forum under the circumstances and the court of another county is the more appropriate forum.  It shall be the duty of the prothonotary of the court in which the action is pending to forward to the prothonotary of the county to which the action is transferred certified copies of the docket entries, process, pleadings and other papers filed in the action.  The costs and fees of the petition for transfer and the removal of the record shall be paid by the petitioner in the first instance to be taxable as costs in the case.

Pa.R.C.P. 1915.2, 42 Pa.C.S.A.

The Note and Explanatory Comment to Rule 1915.2 reference the accommodation to the UCCJEA, restating the jurisdictional provisions of Section 5421 of the UCCJEA in rule form without change in substance.  To the extent the provisions of the UCCJEA apply to intrastate custody disputes, the proper county venue for an action is defined by the rule as set forth above.  Because of the necessary interplay in our discussion between the UCCJEA and the rule, references to jurisdiction under the UCCJEA and venue under the rule may, at times, be confusing in analyzing the issue in this case.  However, as explained recently by the Pennsylvania Supreme Court, "Rules of venue recognize the propriety of imposing geographic limitations on the exercise of jurisdiction."  ***Commonwealth v. Gross***, \_\_\_ A.3d \_\_\_, 2014 WL 4745569, at *4 (Pa. September 24, 2014) (citation omitted).  For purposes of clarity, we will analyze Father's issues in venue terms.

Instantly, Father does not dispute that Chester County was the proper venue to make the initial custody determination in 2011 when the parties entered into the original custody stipulation. However, Father argues Chester County no longer has continuing, exclusive venue because none of the parties currently reside there.

As set forth above in Rule 1915.2(a)(1), an action may be brought (i) in any county in which the child resides or (ii) was the home county within six months before commencement of the proceeding and a parent continues to live in the county. Pursuant to 1915.2(2), if no other county has venue under subdivision (1) and the child or parent has a significant connection to a county, the significant connection county, as defined under the rule, may assume venue. These subsections substantially mirror the requirements of Section 5421.[4]

---

[4]     **§ 5421. Initial child custody jurisdiction**

   **(a) General rule.--**Except as otherwise provided in section 5424 (relating to temporary emergency jurisdiction), a court of this Commonwealth has jurisdiction to make an initial child custody determination only if:

   (1)   this Commonwealth is the home state of the child on the date of the commencement of the proceeding or was the home state of the child within six months before the commencement of the proceeding and the child is absent from this Commonwealth but a parent or person acting as a parent continues to live in this Commonwealth;

   (2)   a court of another state does not have jurisdiction under paragraph (1) or a court of the home state of the child has declined to exercise jurisdiction on the ground that this Commonwealth is the more

In the present case, it is clear that Chester County is no longer the home county for the Children. Additionally, 1915.2(a)(2) cannot apply because another county; specifically, Montgomery County, now meets the provisions of 1915.2(a)(1).

As it relates to intrastate determinations, Section 5422 of the UCCJEA defines the exercise of exclusive, continuing venue to determine whether the court with initial custody venue, in this case Chester County, maintains venue in subsequent proceedings. Section 5422, as adapted to fit intrastate custody venue requirements, provides:

> appropriate forum under section 5427 (relating to inconvenient forum) or 5428 (relating to jurisdiction declined by reason of conduct) and:
>
> (i) the child and the child's parents, or the child and at least one parent or a person acting as a parent, have a significant connection with this Commonwealth other than mere physical presence; and
>
> (ii) substantial evidence is available in this Commonwealth concerning the child's care, protection, training and personal relationships;
>
> **(b) Exclusive jurisdictional basis.--**Subsection (a) is the exclusive jurisdictional basis for making a child custody determination by a court of this Commonwealth.
>
> **(c) Physical presence and personal jurisdiction unnecessary.--** Physical presence of or personal jurisdiction over a party or a child is not necessary or sufficient to make a child custody determination.

23 Pa. C.S.A. § 5421.

### § 5422.  Exclusive, continuing jurisdiction

(a) **General rule.--**Except as otherwise provided in section 5424 (relating to temporary emergency jurisdiction), a court of this Commonwealth which has made a child custody determination consistent with section 5421 (relating to initial child custody jurisdiction) or 5423 (relating to jurisdiction to modify determination) has exclusive, continuing jurisdiction over the determination until:

   (1) a court of [the county which made the initial custody order] determines that neither the child, nor the child and one parent, nor the child and a person acting as a parent have a significant connection with [its county] and that substantial evidence is no longer available in [its county] concerning the child's care, protection, training and personal relationships; or

   (2) a court of [the county which made the initial custody order] or a court of another [county] determines that the child, the child's parents and any person acting as a parent do not presently reside in this [county which made the initial custody order].

(b) **Modification where court does not have exclusive, continuing jurisdiction.--**A court of [a county] which has made a child custody determination and does not have exclusive, continuing jurisdiction under this section may modify that determination only if it has jurisdiction to make an initial determination under section 5421.

23 Pa.C.S.A. § 5422.

As indicated above, a trial court vested with initial custody venue maintains the exclusive continuing ability to exercise its venue until a court determines that significant connections no longer exist in, or determines that the child and the parties are no longer residents of, the initial county. Clearly, Chester County does not meet the requirements of Section 5422(a)

or (b). Even if we were to apply a significant connections test and allow that Chester County maintains continuing venue by way of Subsection 5422(a)(1), nowhere does the trial court determine that substantial evidence regarding the Children's protection, training, and personal relationships exists more in Chester County than in Montgomery County. As neither the parents nor the Children have lived in Chester County since March or April of 2011, exclusive, continuing venue cannot be found under Subsection 5422(a)(2). Thus, under Section 5422, the Chester County Court of Common Pleas has lost the exclusive, continuing authority to exercise its venue over this matter.[5]

Although not essential to our holding today, in his second issue, Father argues the trial court erred when it determined Chester County was not an inconvenient forum under Pa.R.C.P. 1915.2. As previously set forth, transfer of venue in custody matters is governed by Pa.R.C.P. 1915.2(c), which provides that "[t]he court at any time may transfer an action to an appropriate court of any other county where the action could originally have been brought or could be brought if it determines that it is an inconvenient forum under the circumstances and the court of another county is the more appropriate forum." *Id.* The Notes to the rule provide that this subsection

---

[5] We note Section 5422(b) addresses modification of a custody determination. Instantly, Father sought to transfer jurisdiction. *See B.J.D. v. D.L.C.*, 19 A.3d 1081, 1084 n.2 (Pa.Super. 2011) ("An order to transfer custody jurisdiction is not a modification of a custody order pursuant to 23 Pa.C.S. § 5422(b).").

is governed by the factors set forth in 23 Pa.C.S.A. § 5427,[6] and address the

---

[6] **§ 5427. Inconvenient forum**

**(a) General rule**.--A court of this Commonwealth which has jurisdiction under this chapter to make a child custody determination may decline to exercise its jurisdiction at any time if it determines that it is an inconvenient forum under the circumstances and that a court of another state is a more appropriate forum. The issue of inconvenient forum may be raised upon motion of a party, the court's own motion or request of another court.

**(b) Factors**.--Before determining whether it is an inconvenient forum, a court of this Commonwealth shall consider whether it is appropriate for a court of another state to exercise jurisdiction. For this purpose, the court shall allow the parties to submit information and shall consider all relevant factors, including:

(1) whether domestic violence has occurred and is likely to continue in the future and which state could best protect the parties and the child;

(2) the length of time the child has resided outside this Commonwealth;

(3) the distance between the court in this Commonwealth and the court in the state that would assume jurisdiction;

(4) the relative financial circumstances of the parties;

(5) any agreement of the parties as to which state should assume jurisdiction;

(6) the nature and location of the evidence required to resolve the pending litigation, including testimony of the child;

(7) the ability of the court of each state to decide the issue expeditiously and the procedures necessary to present the evidence; and

(8) the familiarity of the court of each state with the facts and issues in the pending litigation.

23 Pa.C.S.A. § 5427.

same considerations which are subsumed in case law interpreting Pennsylvania Rule of Civil Procedure 1006, venue in civil actions, establishing a proper forum for the convenience of the parties and witnesses. ***Bratic v. Rubendall***, ___ A.3d ___, 2014 WL 4064028 (Pa. 2014).

In concluding Chester County was not an inconvenient forum, the trial court noted the commuting time between the Chester County and Montgomery County seats, the actions of Father in filing and withdrawing petitions, and pending support litigation, all speak to a forum ***non conveniens*** analysis. However, in order for Rule 1915.2(c) to apply, as with Section 5427, the court determining inconvenient forum must have venue in the first instance, and we have already determined Chester County has lost the authority to exercise venue over this case. Therefore, convenience issues are no longer relevant. Accordingly, we are compelled to reverse the order of the trial court and grant Father's petition to transfer to Montgomery County.

Order reversed. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/14/2014