J-A18036-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| K.M.K., | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| G.R.S., | |
| Appellant | No. 301 MDA 2015 |

Appeal from the Order entered on February 12, 2015,
in the Court of Common Pleas of York County,
Civil Division, at No(s): 2010-FC-001036-03

BEFORE: FORD ELLIOTT, P.J.E., STABILE and MUSMANNO, JJ.

MEMORANDUM BY MUSMANNO, J.: **FILED SEPTEMBER 24, 2015**

G.R.S. ("Father") appeals, *pro se*, from the Order granting the Motion to transfer venue filed by K.M.K. ("Mother"), and transferring venue of Father's Petition for modification of the custody Order regarding their son, G.I.S. ("Child") (born in October 2003), from York County to Bucks County. We affirm.

On June 3, 2010, Mother filed, in York County, a Complaint in Divorce, which included a count seeking shared legal custody and primary physical custody of Child, and permission to relocate with Child. In September 2010, the trial court entered the parties' stipulated custody Order. Relevantly, the parties' stipulation included a provision, in paragraph 5, stating "should any future custody litigation regarding Child arise, jurisdiction shall be in York County, Pennsylvania." Stipulation, ¶ 5. Subsequently, Mother relocated

with Child to New Jersey, and then to Levittown, Bucks County, Pennsylvania, and also has re-married.

On June 6, 2014, Father, acting *pro se*, filed a Complaint in Custody seeking shared legal custody and primary physical custody of Child. Father filed his Complaint in York County. In August 2014, the parties settled the custody litigation, after which the trial court entered an Order adopting the parties' stipulation. The August 2014 custody Order provided that the parties would share legal custody of Child. The Order further provided that Mother would have primary physical custody of Child during the school year, with Father having custody two of every three weekends; and, during the summer, the parties would share physical custody, with Father having additional custodial time. Neither the parties' stipulation nor the August 2014 Custody Order included a provision regarding future custody litigation.

On December 15, 2014, Father filed, in York County, an Emergency Petition for Custody, alleging that Mother was exhibiting bizarre behavior and that she had driven with Child to New Jersey. On December 16, 2014, the trial court denied Father's Petition. The next day, Father filed, in York County, a Petition to Modify Custody, raising allegations concerning Mother's mental health and hospitalization, Child's school attendance at St. Mark's School in Bristol, Pennsylvania, and the involvement of Bucks County Children and Youth Services ("CYS"). Father also filed a Petition to seal the

custody records in York County, alleging that the investigation by Bucks County CYS remained open.

On December 23, 2014, Father filed, in York County, a Petition for Special Relief seeking an emergency order for temporary legal and physical custody of Child. In support, Father alleged Mother's mental health issues, the involvement of Bucks County CYS, and Child's school attendance. On December 29, 2014, trial court denied Father's Petition for special relief.[1] The York County trial court also entered an Order granting Father's Petition to seal the custody record.

On January 13, 2015, in York County, Mother filed a Motion to Transfer Venue of Father's Petition to Modify Custody to Bucks County. Mother alleged that York County was an inconvenient forum, under section 5427 of the Uniform Child Custody Jurisdiction Enforcement Act ("UCCJEA"), 23 Pa.C.S.A. § 5427, because Father's allegations pertained to matters occurring in Bucks County. Mother also alleged that Pa.R.C.P. 1915.2 allows the trial court to transfer the action to a more convenient forum.

On February 4, 2015, the trial court entered an Interim Custody Order, pending trial, maintaining the August 2014 Custody Order. In a separate Order, entered on February 4, 2015, the trial court appointed Claudia DeArment, Esquire ("GAL"), as the Guardian *ad Litem* for Child.

---

[1] Both parties agree that the trial court denied the Order at the hearing, but did not enter an Order in the certified record. **See** Father's Brief at 6; Mother's Brief at 5.

J-A18036-15

On February 10, 2015, the trial court held a hearing on Mother's Motion to Transfer Venue. Father, appearing *pro se*, presented argument on his own behalf. Mother's counsel presented argument on behalf of Mother. On February 12, 2015, the trial court entered an Order granting the transfer of venue of Father's Petition to Modify Custody to Bucks County. Thereafter, Father filed a *pro se* Notice of Appeal, but failed to file a concise statement of errors complained of on appeal, as required by Pa.R.A.P. 1925(a)(2)(i) and (b). On February 24, 2015, the trial court entered an Order directing Father to file a concise statement. That same day, Father filed a Concise Statement.[2] On March 19, 2015, the trial court filed its Opinion pursuant to Pa.R.A.P. 1925(a).

Father now presents the following claims for our review:

I. Whether the [trial] court lacked jurisdiction to grant Mother's Motion to Transfer Venue when Mother failed to comply with Pa. Rule of Civil Procedure 1915.5(a), which requires a party to raise any question of venue by preliminary objection filed with or at the time of hearing, whichever comes first?

---

[2] We do not deem Father's appeal defective because of the late filing of his Concise Statement. Father filed his Concise Statement on the same date that the trial court entered its Order directing him to file a concise statement. *See In re K.T.E.L.*, 983 A.2d 745, 747 (Pa. Super. 2009) (addressing a late-filed concise statement and Pa.R.A.P. 905(a)(2), and observed that there is no *per se* rule mandating quashal or dismissal of a defective notice of appeal in children's fast track cases, *i.e.*, when the concise statement does not accompany the notice of appeal, and no party is prejudiced thereby); *cf. J.M.R. v. J.M.*, 1 A.3d 902, 907 (Pa. Super. 2010) (holding, prospectively, that an appellant waives his issues on appeal by failing to file a concise statement in compliance with an order of this Court).

- 4 -

II. Whether the [trial] court erred and abused its discretion by misapplying the factors to determine whether York County was an inconvenient forum under 23 Pa.C.S.A. § 5427?

Father's Brief at 3.

In addressing Father's issues, we apply the following standard of review:

A court's decision to exercise or decline jurisdiction is subject to an abuse of discretion standard of review and will not be disturbed absent an abuse of that discretion. Under Pennsylvania law, an abuse of discretion occurs when the court has overridden or misapplied the law, when its judgment is manifestly unreasonable, or when there is insufficient evidence of record to support the court's findings. An abuse of discretion requires clear and convincing evidence that the trial court misapplied the law or failed to follow proper legal procedures.

*J.K. v. W.L.K.*, 102 A.3d 511, 513 (Pa. Super. 2014) (quoting *Lucas v. Lucas*, 882 A.2d 523, 527 (Pa. Super. 2005)).

Father claims that Mother waived her request to change venue by failing to file preliminary objections to Father's Petition for modification of custody, as required by Pennsylvania Rule of Civil Procedure 1915.5(a). Father's Brief at 10-11. Father argues that Rule 1915.5(a) requires a party to raise any question of venue in a custody matter by preliminary objection, filed within twenty days of service of the pleading to which the objection is made. Father's Brief at 10. Further, Father argues, the trial court did not *sua sponte* question venue, as is permitted by Rule 1915.5(c), and 23 Pa.C.S.A. § 5427. Father's Brief at 10, 14 n.3.

The trial court addressed Father's first claim as follows:

[Father] contends that [Mother] "failed to comply with Pennsylvania Rule of Civil Procedure 1915.5(a), in that she did not raise a question of venue by preliminary objection filed within twenty days of service of the pleading to which she objected (Father's Petition to Modify Custody []), and therefore waived any objection to venue remaining in York County, Pennsylvania." This claim was not raised in the Trial Court and is, therefore, waived….

Trial Court Opinion, 3/18/15, 1-2.

We discern no abuse of the trial court's discretion. It is well established that issues not raised in the trial court are waived, and cannot be raised for the first time on appeal. Pa.R.A.P. 302(a); **E.D. v. M.P.**, 33 A.3d 73, 78 (Pa. Super. 2011). Because Father did not raise this claim before the trial court, it is waived. **See** Pa.R.A.P. 302(a).

Notwithstanding, Father cites Pennsylvania Rule of Appellate Procedure 311(c), arguing that, because the instant appeal is an interlocutory appeal as of right, he had no previous opportunity to raise the issue. Father's Brief at 11-13. Therefore, Father contends, the fact that he raised the issue in his Concise Statement is sufficient to preserve the issue. **Id.** at 13. We disagree.

Our review discloses that at the hearing on the Motion to Transfer Venue, Father had the opportunity to raise his claim before the trial court,

but he failed to do so. Again, Father raises this claim for the first time on appeal and accordingly, it is waived. **See** Pa.R.A.P. 302(a).[3]

In his second claim, Father contends that the trial court improperly misapplied the factors, set forth in section 5427 of the UCCJEA, in determining that York County is an inconvenient forum. Appellate courts review a trial court's ruling on a motion to transfer venue for an abuse of discretion. **J.K.**, 102 A.3d at 513.

> In this regard, the trial court's ruling must be reasonable in light of the peculiar facts. If there exists any proper basis for the trial court's decision to transfer venue, the decision must stand. An abuse of discretion is not merely an error of judgment, but occurs only where the law is overridden or misapplied, or the judgment exercised is manifestly unreasonable, or the result of partiality, prejudice, bias or ill will, as shown by the evidence o[f] the record.

---

[3] Even if Father had preserved his challenge, we would conclude that it lacks merit. In its Opinion, the trial court addressed the merits of Father's contention as follows:

> [Mother's] "Motion to Transfer Venue" was brought pursuant to Pa.R.Civ.P. 1915.2(c) and 23 Pa.C.S.A. § 5427, claiming that York County is an inconvenient forum. According to the statute, "[t]he issue of inconvenience of forum may be raised upon motion of a party, the court's own motion or request of another court." According to the Rule, "[t]he court at any time may transfer an action to the appropriate court of any other county w[here] the action could originally have been brought or could be brought if it determines that it is an inconvenient forum under the circumstances and the court of another county is the more appropriate forum. Therefore, [Mother] properly raised the question of venue.

Trial Court Opinion, 3/18/15, 2.

- 7 -

**Bratic v. Rubendall**, 99 A.3d 1, 7 (Pa. 2014) (citations omitted).[4]

Pennsylvania adopted the UCCJEA, 23 Pa.C.S.A. § 5401 *et seq.*, in 2004. Although the UCCJEA addresses jurisdiction over custody matters between states, its rules are also applied to intrastate jurisdiction between counties. **See** 23 Pa.C.S.A. § 5471 (providing that "[t]he provisions of this chapter allocating jurisdiction and functions between and among courts of different states shall also allocate jurisdiction and functions between and among the courts of common pleas of this Commonwealth."). The Supreme Court promulgated Pa.R.C.P. 1915.2 to address venue in custody cases, modeling it after the jurisdiction rules of the UCCJEA. Rule 1915.2 provides as follows:

(a) An action may be brought in any county

(1)(i) which is the home county of the child at the time of commencement of the proceeding, or

(ii) which had been the child's home county within six months before commencement of the proceeding and the child is absent from the county but a parent or person acting as parent continues to live in the county; or

(2) when the court of another county does not have venue under subdivision (1), and the child and the child's parents, or the child and at least one parent or a person acting as a parent, have a significant connection with the county other than mere physical presence and there is available

---

[4] This Court has defined venue as "the place in which a particular action is to be brought and determined[;] . . . venue considers the practicalities to determine the appropriate forum." **J.K.**, 102 A.3d at 513.

within the county substantial evidence concerning the child's, protection, training and personal relationships; or

(3) when all counties in which venue is proper pursuant to subdivisions (1) and (2) have found that the court before which the action is pending is the more appropriate forum to determine the custody of the child; or

(4) when it appears that venue would not be proper in any other county under prerequisites substantially in accordance with paragraphs (1), (2) or (3); or

(5) when the child is present in the county and has been abandoned or it is necessary in an emergency to protect the child because the child or a sibling or parent of the child is subjected to or threatened with mistreatment or abuse.

(b) Physical presence of the child or a party, while desirable, is not necessary or sufficient to make a child custody determination except as provided in subdivision (a)(5) above.

(c) The court at any time may transfer an action to the appropriate court of any other county where the action could originally have been brought or could be brought if it determines that it is an inconvenient forum under the circumstances and the court of another county is the more appropriate forum. It shall be the duty of the prothonotary of the court in which the action is pending to forward to the prothonotary of the county to which the action is transferred certified copies of the docket entries, process, pleadings and other papers filed in the action. The costs and fees of the petition for transfer and the removal of the record shall be paid by the petitioner in the first instance to be taxable as costs in the case.

Pa.R.C.P. 1915.2.

The parties do not dispute that at the start of this custody action, York County was the correct venue. The issue is whether York County has exclusive, continuing jurisdiction over this case or whether the trial court

could transfer the case to Bucks County. The UCCJEA provides, in relevant part, as follows:

**§ 5422. Exclusive, continuing jurisdiction**

**(a) General rule. —** Except as otherwise provided in section 5424 (relating to temporary emergency jurisdiction), a court of this Commonwealth which has made a child custody determination consistent with section 5421 (relating to initial child custody jurisdiction) or 5423 (relating to jurisdiction to modify determination) has exclusive, continuing jurisdiction over the determination until:

(1) a court of [the county which made the initial custody order] determines that neither the child, nor the child and one parent, nor the child and a person acting as a parent have a significant connection with [its county] and that substantial evidence is no longer available in [its county] concerning the child's care, protection, training and personal relationships; or

(2) a court of [the county which made the initial custody order] or a court of another [county] determines that the child, the child's parents and any person acting as a parent do not presently reside in this [county which made the initial custody order].

**(b) Modification where court does not have exclusive, continuing jurisdiction.**—A court of [a county] which has made a child custody determination and does not have exclusive, continuing jurisdiction under this section may modify that determination only if it has jurisdiction to make an initial determination under section 5421.

23 Pa.C.S.A. § 5422; *accord J.K.*, 102 A.3d at 515-16.[5]

---

[5] In *J.K.*, the Court inserted the bracketed material to adapt section 5422 to intrastate cases. *See J.K.*, 102 A.3d at 516.

The factors for consideration are set forth in section 5427(b) of the UCCJEA:

> **(b) Factors.—** Before determining whether it is an inconvenient forum, a court of this Commonwealth shall consider whether it is appropriate for a court of another [county] to exercise jurisdiction. For this purpose, the court shall allow the parties to submit information and shall consider all relevant factors, including:
>
> (1) whether domestic violence has occurred and is likely to continue in the future and which [county] could best protect the parties and the child;
>
> (2) the length of time the child has resided outside this Commonwealth;
>
> (3) the distance between the court in this Commonwealth and the court in the [county] that would assume jurisdiction;
>
> (4) the relative financial circumstances of the parties;
>
> (5) any agreement of the parties as to which [county] should assume jurisdiction;
>
> (6) the nature and location of the evidence required to resolve the pending litigation, including testimony of the child;
>
> (7) the ability of the court of each [county] to decide the issue expeditiously and the procedures necessary to present the evidence; and
>
> (8) the familiarity of the court of each [county] with the facts and issues in the pending litigation.

23 Pa.C.S.A. § 5427(b).

First, Father contends that the trial court erred in failing to consider, under section 5427(b)(5), the parties' agreement regarding York County

retaining jurisdiction in future custody litigation between the parties. Father's Brief at 17-18. Father asserts that Mother had entered into the written stipulation that York County would have jurisdiction over any future custody proceedings. *Id.* at 18. Father states that he relied on her promise to his detriment. *Id.* He contends that without his agreement to the stipulation, the matter would have proceeded to trial, and Mother would have had to sustain her burden of proof to show that relocation was in Child's best interest. *Id.* at 18-19. Father further argues that any evidence in Bucks County is the result of Mother's "unclean hands," as it was "Mother's own poor choices and behaviors" that led to the involvement of Bucks County CYS. *Id.* at 19.

> In applying section 5427(b)(5), the trial court stated the following:
>
> [Father] contends that the parties previously agreed that York County would retain jurisdiction over any future litigation. This factor was considered by the [t]rial [c]ourt[;] however the [t]rial [c]ourt determined that this factor was not outweighed by the considerable inconvenience to witnesses in Bucks County. (N.T., 2/10/15, pages 2, 5, 23)[.]

Trial Court Opinion, 3/18/15, at 3. Our review of the record discloses no behavior by Mother that would involve her coming to court with "unclean

hands."[6]    Father filed the pending Petition for modification of custody, claiming that Mother's behavior, Child's school attendance, and the involvement of Bucks County CYS warrant modification.    Moreover, the parties' prior custody stipulation did not include a provision specifying that jurisdiction would remain in York County for all future custody litigation between the parties.  We find no error or abuse of the trial court's discretion in its consideration of factor 5427(b)(5).

Father also claims that the trial court erred and abused its discretion in misapplying section 5427(b)(6), regarding the location of certain witnesses,

_____

[6] We note that the UCCJEA includes a provision addressing jurisdiction declined by reason of conduct of one of the parties.  **See** 23 Pa.C.S.A. § 5428.  At the argument on Motion to Transfer Venue, Father asserted that Mother's behavior and choices had led to her hospitalization and the involvement of Bucks County CYS, which, in turn, had prompted him to file his modification Petition.  N.T., 2/10/15, at 16, 21.  Father failed to preserve a challenge raising section 5428 in the trial court, however, as he did not argue the applicability of that section.  Thus, he waived the issue of the applicability of section 5428.  **See** Pa.R.A.P. 302(a); **E.D.**, 33 A.3d at 78. Moreover, he failed to preserve the issue of Mother's conduct depriving the trial court in Bucks County of jurisdiction in his Concise Statement, and in his Statement of Questions Involved in his brief to this Court.  **See Krebs v. United Ref. Co. of Pennsylvania**, 893 A.2d 776, 797 (Pa. Super. 2006) (holding that an appellant waives issues that are not raised in both his or her concise statement of errors complained of on appeal and the statement of questions involved in his or her brief on appeal).  We note, however, that the Uniform Law Comment following section 5428 of the UCCJEA provides that the "Clean Hands" section of the predecessor to the UCCJEA, the Uniform Child Custody Jurisdiction Act, ("UCCJA"), 42 Pa.C.S.A. § 5341 *et seq.* (repealed), has been truncated by the UCCJEA and its provisions. The Uniform Law Comment further states that the section ensures that where parents act in a reprehensible manner, such as removing, secreting, retaining, or restraining the child, the abducting parents will not receive an advantage for their unjustifiable conduct.  There was no allegation of any such reprehensible conduct in this case.

and in disregarding Father's willingness to stipulate to certain testimony occurring via telephone. Father's Brief at 19-20.

The trial court considered section 5427(b)(6), and stated the following:

> [Father] contends that [Mother] never definitively stated that she intended to call witnesses from Bucks County at trial other than herself and family members. This contention is without merit. As previously indicated, and[,] as admitted by [Father], many of the key witnesses that either party would want to call pertaining to [Father's] Petition to Modify live in or around Bucks County, as the [P]etition pertains to events which may or may not have occurred in Bucks County. (N.T., 2/10/15, page 21).
>
> [Father] contends that he is willing to allow witnesses from Bucks County to testify by telephone. However, while testimony by electronic means is allowed by the rules, it requires [c]ourt approval and there must be good cause shown. Pa.R.Civ.P. 1930.3. Moreover, as noted by [Mother's] [c]ounsel, witnesses may have charts, records, and/or files that they will be testifying from, attorneys from both sides would likely want to be able to see what a witness has in front of them while testifying, and it may be necessary to show a certain witness any one or more of these documents during their testimony. (N.T., 2/10/15, page 17).

Trial Court Opinion, 3/18/15, at 3-4. We find no error or abuse of the trial court's discretion in its consideration of section 5427(b)(6).

Additionally, Father asserts that the trial court erred and abused its discretion in its consideration of section 5427(b)(8), regarding the familiarity of the courts of each county with the facts and issues in the pending litigation. Father's Brief at 21. Father argues that the trial court erroneously based its decision to transfer venue to Bucks County on the familiarity of

Bucks County CYS with the case. *Id.* at 24. He asserts that York County was more familiar with the facts and issues in the case from the prior litigation. *Id.*

Our review of the record discloses that the parties had never proceeded to trial in York County, and had resolved the prior custody disputes in York County by stipulation. Thus, York County had no greater familiarity than Bucks County regarding the facts and issues in the litigation. Accordingly, we discern no error or abuse of the trial court's discretion in its consideration of section 5427(b)(8).

Finally, Father argues that the trial court improperly deemed section 5427(b)(7) irrelevant, regarding the ability of the court to decide the issue expeditiously and the procedures necessary to present the evidence. Father's Brief at 24. Father contends that transferring venue will require the parties to return to conciliation in Bucks County, when the matter had been scheduled for a pre-trial conference in York County, will delay proceedings. *Id.* at 24-25.

The trial court correctly determined that the rules of procedure governing custody trials and the statutes governing custody are the same in both York County and Bucks County. *See* Trial Court Opinion, 3/18/15, at 3. Accordingly, we discern no error or abuse of discretion by the trial court in affording the factor at section 5427(b)(7) neutral weight.

As Father's claims lack merit, we affirm the trial court's Order.

      Application granted; Order affirmed.

Judgment Entered.

_Joseph D. Seletyn_

Joseph D. Seletyn, Esq.
Prothonotary

Date: <u>9/24/2015</u>