J-A23035-19

NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37

| | | |
|---|---|---|
| A.C. | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| H.S.G. | : | |
| | : | |
| Appellant | : | No. 757 WDA 2019 |

Appeal from the Order Dated May 9, 2019
in the Court of Common Pleas of Westmoreland County
Civil Division at No(s): 1998 of 2016-D

BEFORE: BENDER, P.J.E., KUNSELMAN, J., and MUSMANNO, J.

MEMORANDUM BY MUSMANNO, J.: FILED JANUARY 13, 2020

H.S.G. ("Mother") appeals from the Order dated May 9, 2019,[1] which granted A.C.'s ("Father") Motion to transfer venue, and transferred venue to the Allegheny County Court of Common Pleas, for a hearing on pending custody matters related to the parties' son, Z.O.C. (the "Child"), born in April 2016. We affirm.

---

[1] While the Order reflects that copies were sent to the parties, and the docket reflects a filing date of May 10, 2019, there is no notation on the docket that notice was given and that the Order was entered for purposes of Pa.R.C.P. 236(b). See Frazier v. City of Philadelphia, 735 A.2d 113, 115 (Pa. 1999) (holding that "an order is not appealable until it is entered on the docket with the required notation that appropriate notice has been given"); see also Pa.R.A.P. 108(a) (entry of an order is designated as "the day on which the clerk makes the notation in the docket that notice of entry of the order has been given as required by Pa.R.C.P. 236(b)."). Thus, the Order here was not entered and the appeal period not triggered. Although we consider the matter on the merits, we caution the Court of Common Pleas of Westmoreland County as to compliance with the rules concerning the entry of orders.

After his birth in April 2016, Child resided with Mother in Westmoreland County for approximately six months, until Mother was incarcerated for theft and drug-related offenses. N.T., 3/11/19, at 11-12. Since then, Child has resided with Father in Allegheny County, and never resided with Mother. Id. Mother currently resides in Butler County.[2] Id. at 9, 13.

Notably, Father filed the instant custody matter in November 2016, in Westmoreland County.[3] Id. at 12. The current custody Order, dated June 29, 2017, provides Father sole legal and primary physical custody, and Mother supervised physical custody.[4] Id. at 7-8, 13. On November 2, 2018, Father filed a Notice of proposed relocation, indicating his intent to relocate with Child to Venice Beach, California. Mother thereafter filed a Petition to Modify custody on January 4, 2019.

---

[2] Upon her release from prison in approximately September 2017, Mother moved to Butler County. Id. at 9, 13. Mother did not thereafter resume residing in Westmoreland County. Id.

[3] Father testified that he had filed the case in Westmoreland County due to Mother being incarcerated in Westmoreland County, and due to Child's residence in Westmoreland County for the first six months of his life. Id. at 11, 12.

[4] While this Order is not included as part of the certified record, it is included as part of the reproduced record. As the veracity is not in dispute, we rely on the copy contained within the reproduced record. See Commonwealth v. Barnett, 121 A.3d 534, 544 n.3 (Pa. Super. 2015) (stating that "[w]hile this Court generally may only consider facts that have been duly certified in the record, where the accuracy of a document is undisputed and contained in the reproduced record, we may consider it.") (citations omitted).

On January 29, 2019, Father filed a Motion to transfer venue from Westmoreland County to Allegheny County. Following a hearing on March 11, 2019, the trial court denied Father's Motion by an Order entered on March 20, 2019. Therein, the trial court explained that the Motion

> was denied upon the finding that prior proceedings had been held [in Westmoreland County,] and both [Father's] relocation [N]otice and [Mother's] Petition to Modify were pending, and [Mother's] counsel had been obtained through the [Westmoreland County] [B]ar [A]ssociation reduced fee program. The court accepted [Mother's] contention that litigation in Pittsburgh would be more expensive [for Mother] and require new counsel.

Order, 3/20/19;[5] see also N.T., 3/11/19, at 16 (wherein the trial court concluded that "I'm going to deny the [M]otion to transfer for the reason that [Father] chose Westmoreland County. I do think we're faster and better than Allegheny County. Pardon that, you can tell my fellow Judges that. And since the relocation [P]etition is already pending[,] I'm just going to hear it ….").

After Father attempted to register the current custody Order as a foreign order in Allegheny County, and filed a Motion in Allegheny County for that court to assume jurisdiction,[6] Mother filed a Motion for contempt and sanctions

_____

[5] Again, this Order, while not included as part of the certified record, is included as part of the reproduced record and, therefore, we consider it, as its veracity is not disputed. See Barnett, supra.

[6] Father's Motion for Allegheny County to assume jurisdiction was denied, without prejudice, by an Order dated April 11, 2019. Additionally, pursuant to Motion of Mother, the affidavit and notice of registration of foreign custody Order was stricken from the record. As these Orders are included as part of the reproduced record, and there is no dispute as to veracity, they are considered. See Barnett, supra.

on April 8, 2019. On April 11, 2019, the trial court filed an Order stating that the court would reconsider its prior Order as to venue. By an Order entered on May 10, 2019, the court granted Father's Motion to transfer venue and transferred venue to the Allegheny County Court of Common Pleas.

On May 14, 2019, Mother filed a timely Notice of Appeal, along with a Concise Statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(a)(2)(i) and (b).[7, 8]

On appeal, Mother presents the following issues for our review:

I. Whether the trial court erred in transferring venue to Allegheny County by failing to consider the appropriate factors set forth in precedential and statutory authority?

II. Whether the trial court erred in sua sponte reconsidering an Order properly sustaining venue in Westmoreland County absent any motion, testimony, or other requests by the parties?

Mother's Brief at 7 (unnecessary capitalization omitted).

Because these issues present pure questions of law, our standard of review is de novo and our scope of review is plenary. S.K.C. v. J.L.C., 94 A.3d 402, 408 (Pa. Super. 2014); see also id. at 406 (stating that "when a trial court possesses subject matter jurisdiction over a child custody dispute, a trial court's decision to exercise that jurisdiction is subject to an abuse of discretion standard of review.").

_____

[7] By an Order entered on June 7, 2019, pursuant to an Application of Father, this Court ruled that the Allegheny County Court of Common Pleas may proceed to adjudicate Father's proposed relocation.

[8] We observe that several Motions to withdraw as counsel were filed by counsel for Mother during the pendency of this appeal, all of which were denied.

Issues of venue in child custody cases are governed both by our Rules of Civil Procedure, and by the Uniform Child Custody Jurisdiction and Enforcement Act ("UCCJEA"), 23 Pa.C.S.A. §§ 5401-5482. See J.K. v. W.L.K., 102 A.3d 511, 514-17 (Pa. Super. 2014). Further, the Pennsylvania Supreme Court

> has promulgated specific rules for applying the provisions of the UCCJEA to intrastate custody disputes. The rules recognize that all counties within the Commonwealth maintain subject matter jurisdiction of custody disputes. However, Pennsylvania Rule of Civil Procedure 1915.2[,] governing venue of custody matters[,] defines how and what county may properly exercise that jurisdiction.

Id. at 514; see also id. at 513 (explaining that "[v]enue is the place in which a particular action is to be brought and determined, and is a matter for the convenience of the litigants. Jurisdiction denotes the power of the court[,] whereas venue considers the practicalities to determine the appropriate forum.").

Pennsylvania Rule of Civil Procedure 1915.2, governing venue, provides, in relevant part, as follows:

(a) An action may be brought in any county

(1)

    (i) which is the home county[9] of the child at the time of commencement of the proceeding, or

    (ii) which had been the child's home county within six months before commencement of the proceeding and the child is absent from the county but a parent or person acting as parent continues to live in the county; or

(2) when the court of another county does not have venue under subdivision (1), and the child and the child's parents, or the child and at least one parent or a person acting as a parent, have a significant connection with the county other than mere physical presence and there is available within the county substantial evidence concerning the child's, protection, training and personal relationships; or

(3) when all counties in which venue is proper pursuant to subdivisions (1) and (2) have found that the court before which the action is pending is the more appropriate forum to determine the custody of the child; or

---

[9] Pennsylvania Rule of Civil Procedure 1915.1(b) provides the following definition of a child's "home county":

"[H]ome county" means the county in which the child immediately preceding the time involved lived with the child's parents, a parent, or a person acting as a parent, or in an institution, for at least six consecutive months, and in the case of a child less than six months old, the county in which the child lived from birth with any of the persons mentioned. A period of temporary absence of the child from the physical custody of the parent, institution, or person acting as parent shall not affect the six-month or other period[.]

Pa.R.C.P. 1915.1(b).

- 6 -

(4) when it appears that venue would not be proper in any other county under prerequisites substantially in accordance with paragraphs (1), (2) or (3); or

. . .

(c) The court at any time may transfer an action to the appropriate court of any other county where the action could originally have been brought or could be brought if it determines that it is an inconvenient forum under the circumstances and the court of another county is the more appropriate forum. ...

Pa.R.C.P. 1915.2 (footnote added).

Once a trial court in a proper venue makes an initial child custody determination pursuant to Rule 1915.2, that court retains exclusive, continuing venue unless or until certain conditions are met. J.K., 102 A.3d at 515-16. Exclusive, continuing venue is governed by Section 5422 of the UCCJEA.[10] Id. The J.K. Court provided the following adapted version of Section 5422, to clarify how that statute should be interpreted in intrastate custody cases:

(a) General rule.—Except as otherwise provided in section 5424 (relating to temporary emergency jurisdiction), a court of this Commonwealth which has made a child custody determination consistent with section 5421 (relating to initial child custody jurisdiction) or 5423 (relating to jurisdiction to modify determination) has exclusive, continuing jurisdiction over the determination until:

(1) a court of the county which made the initial custody order determines that neither the child, nor the child and one parent, nor the child and a person

_____

[10] Although the UCCJEA speaks of jurisdiction, "it is axiomatic that 'all counties within the Commonwealth maintain subject matter jurisdiction of custody disputes.'" B.A.B. v. J.J.B., 166 A.3d 395, 401 n.10 (Pa. Super. 2017) (citing J.K., supra at 514). Thus, we apply the provisions here to determine venue. B.A.B., 166 A.3d at 401 n.10.

acting as a parent have a significant connection with its county and that substantial evidence is no longer available in its county concerning the child's care, protection, training and personal relationships; or

(2) a court of the county which made the initial custody order or a court of another county determines that the child, the child's parents and any person acting as a parent do not presently reside in this county which made the initial custody order.

(b) Modification where court does not have exclusive, continuing jurisdiction.—A court of a county which has made a child custody determination and does not have exclusive, continuing jurisdiction under this section may modify that determination only if it has jurisdiction to make an initial determination under section 5421.

Id. at 516 (brackets omitted).

However, a trial court may transfer venue to another county if it concludes that the current county is an inconvenient forum. Id. at 516-17; Pa.R.C.P. 1915.2(c). When determining whether a county is an inconvenient forum, courts must consider the list of factors set forth at Section 5427(b) of the UCCJEA. J.K., 102 A.3d at 516-17; 23 Pa.C.S.A. § 5427(b). The section 5427(b) factors, as adapted to fit intrastate custody requirements, include the following:

(1) whether domestic violence has occurred and is likely to continue in the future and which [county] could best protect the parties and the child;

(2) the length of time the child has resided outside [of] th[e jurisdiction];

(3) the distance between the [county which made the initial custody order] ... and the [other county] that would assume jurisdiction;

- 8 -

(4) the relative financial circumstances of the parties;

(5) any agreement of the parties as to which [county court] should assume jurisdiction;

(6) the nature and location of the evidence required to resolve the pending litigation, including testimony of the child;

(7) the ability of the court of each [county] to decide the issue expeditiously and the procedures necessary to present the evidence; and

(8) the familiarity of the court of each [county] with the facts and issues in the pending litigation.

23 Pa.C.S.A. § 5427(b).

Turning to Mother's claims, she argues in her first issue that the trial court erred in transferring venue to Allegheny County, where it failed to consider the appropriate factors set forth in precedential and statutory authority. See Mother's Brief at 16-26. Mother contends that Westmoreland County has substantial ties to the Child, is a convenient forum as it relates to both parties, and is a more appropriate forum in light of Mother's financial situation. Id. at 18. Mother further contends that "[a]lthough no party currently resides in Westmoreland County, with Mother residing in Butler County and Father residing in Allegheny County, Westmoreland County has specialized knowledge of the parties' custodial situation and issues occurring since the [C]hild's birth …." Id. at 20. Mother argues that

had the trial court not abused its discretion, heard testimony, and reviewed all the factors, the court would have not reconsidered its initial [O]rder[,] which properly considered the Section 5427(b) factors[,] and would have maintained that Westmoreland County is the only venue that meets the requirements of statutory authority in that the custodial parent, Mother, [] resided in Westmoreland County when the custody action first began, a

multitude of proceedings occurred in Westmoreland County[,] including even an intervenor trial, [Mother]'s financial circumstances are such that she cannot maintain an action in Allegheny County with counsel, the parties have agreed throughout proceedings[,] up until now[,] to maintain the action in Westmoreland County, ... the distance for the parties is insignificant[,] with Father actually having a much longer travel time to the Courts in Allegheny County, and Westmoreland County already had the relocation hearing scheduled in less than a month. Moreover, [Father] appears to be engaged in improper forum shopping[,] where he always resided in Allegheny County and had no issue with Westmoreland County exercising jurisdiction – in fact[,] recently filing his own [Petition for] relocation in Westmoreland County – until [Mother] filed to modify the custody arrangement and obtained counsel.

Id. at 25-26.

In the trial court's Memorandum accompanying its Order transferring venue to Allegheny County, the court stated as follows:

The court has re-considered its Order denying the Motion for Change of Venue. While the court accepts the argument in [Mother's] Memorandum (1) that [] Westmoreland [County] is actually more convenient than Allegheny[] [County] for [Father,] who resides in Natrona Heights, [Allegheny County;] and (2) that there is a possible financial burden on [Mother], who has counsel pursuant to the Westmoreland Bar Association reduced fee program, [J.K., supra,] requires a strict UCCJEA-like analysis. Under this case and the prescribed test, venue is properly set in Allegheny County. J.K. does not permit an analysis of the many factors which can affect issues of "fairness."

Even when considering the somewhat differing considerations of Pa.R.C.P. 1915.2, one must recognize that [Father] and the Child have lived in Allegheny County for two years, and even though [Father] originally chose Westmoreland [County] as the venue, there is no compelling reason to retain venue in Westmoreland [County], such as might be the case if [Father] were moving for a transfer to Pike County, for example.[FN]

[FN] Personally, I believe the issue of convenient forum must be given great weight in some circumstances,

> especially when change is sought in the midst of ongoing proceedings; however, in the within case, a transfer can be viewed as not overly burdensome to [] Mother. The 23 Pa.C.S.A. § 5427 factors (relating to considerations of forum convenience) would support venue in Allegheny County.

Memorandum and Order, 5/10/19, at 1 (footnote in original; some capitalization altered). We discern no error or abuse of the trial court's discretion, and the record supports its reasons for transferring the case to Allegheny County.

When Father commenced the custody proceedings in November 2016, Child had resided with Father in Allegheny County for approximately one month, since October 2016, after previously residing with Mother in Westmoreland County since his birth in April 2016. At that time, Westmoreland County was Child's "home county" pursuant Rule 1915.1(b), supra, and the proper venue for this case.

However, Child has resided with Father in Allegheny County since October 2016, approximately two years and seven months at the time that the trial court issued the Order at issue. Further, Mother resides in Butler County. Because Child has resided in Allegheny County for at least six consecutive months, it is now Child's "home county." As a result, Westmoreland County does not have proper venue to make an initial child custody determination pursuant to Rule 1915.2, and may only exercise venue in this case if it retains exclusive, continuing venue pursuant to Section 5422.

We conclude that the plain language of Section 5422 confirms that the Westmoreland County Court of Common Pleas does not retain exclusive,

continuing venue. Under Section 5422(a), "a trial court vested with initial custody venue maintains the exclusive continuing ability to exercise its venue until a court determines that significant connections no longer exist in, or determines that the child and the parties are no longer residents of, the initial county." J.K., 102 A.3d at 516 (emphasis added). Once again, neither Child, nor Mother, nor Father, resides in Westmoreland County. That by itself defeats exclusive, continuing venue.

Moreover, given that the trial court did not have proper venue pursuant to Rule 1915.2 and Section 5422, it would not be appropriate for the court to undertake an inconvenient forum analysis. As this Court has explained, "in order for Rule 1915.2(c) to apply, as with Section 5427, the court determining inconvenient forum must have venue in the first instance[.]" Id. at 517. Accordingly, Mother's first issue entitles her to no relief.

In her second issue, Mother argues that the trial court erred in sua sponte reconsidering its prior Order sustaining venue in Westmoreland County without any motion, testimony, or other requests by the parties. See Mother's Brief at 26-27; see also id. at 27 (maintaining that no "proper reasons [were] given for the reconsideration.").

Section 5505 of our Judicial Code provides as follows regarding modification of orders: "Except as otherwise provided or prescribed by law, a court upon notice to the parties may modify or rescind any order within 30 days after its entry, notwithstanding the prior termination of any term of court, if no appeal from such order has been taken or allowed." 42 Pa.C.S.A. § 5505.

Instantly, on April 11, 2019, within thirty days of its Order dated March 18, 2019, the trial court indicated that it was reconsidering its prior Order. Critically, Mother did not appeal this ruling. As such, her second issue lacks merit.

Order affirmed.
Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 1/13/2020