J-A02011-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| CHRISTINE GUTSHALL | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| THOMAS L. THOMAS | : | |
| | : | |
| Appellant | : | No. 1380 MDA 2023 |

Appeal from the Order Entered August 28, 2023
In the Court of Common Pleas of Perry County Civil Division at No(s):
FC-2022-250-P

BEFORE:  NICHOLS, J., KING, J., and SULLIVAN, J.

MEMORANDUM BY NICHOLS, J.:                **FILED: SEPTEMBER 4, 2024**

Thomas L. Thomas (Father) appeals from the order granting the petition for relocation filed by Christine Gutshall (Mother).  Father argues that the trial court erred and violated the Uniform Child Custody Jurisdiction and Enforcement Act[1] (UCCJEA), by holding a hearing in Perry County when there was an existing custody order in Cumberland County.  We affirm.

Briefly, the record reflects that the Cumberland County Court of Common Pleas entered a custody order concerning Child in 2016.  ***See*** Trial Ct. Op., 7/5/24, at 1.  In September of 2022, Mother filed an emergency petition for custody in Perry County.  ***Id.***  At that time, Mother was residing in Perry County and Father was residing in Dauphin County.  ***Id.***  After numerous unsuccessful attempts to serve Father with the complaint, the trial court

_____

[1] 23 Pa.C.S. § 5401, *et seq.*

granted Mother's request to authorize service by publication, which was completed on August 2, 2023. **See** Trial Ct. Op., 10/31/23, at 1. The notice was published in a newspaper of general circulation in Perry County and included language about Mother's proposed relocation and the date of the upcoming hearing. **Id.** Following a hearing on August 28, 2023, the trial court granted Mother's request to relocate to North Carolina. **Id.** at 2. Father did not appear at the hearing, but later filed a counter-affidavit regarding relocation, which the trial court treated as a motion for reconsideration. **Id.** Ultimately, the trial court denied Father's motion. **Id.**

Father filed a timely notice of appeal and a court-ordered Pa.R.A.P. 1925(b) statement. The trial court issued a Rule 1925(a) opinion addressing Father's claims.

On appeal, Father raises the following issue for review:

Whether the trial court erred and violated the [UCCJEA] by holding a hearing in Perry County when a custody order was already entered in Cumberland County Pennsylvania?

Father's Brief at 7.

Father argues that the Perry County trial court erred in granting Mother's relocation petition because a custody order existed in Cumberland County. **Id.** at 11. In support, Father claims that "[t]he UCCJEA is clearly applicable to counties and was applicable in the instant matter[]" and "[t]he failure of the trial court sitting as the relocation court to make further inquiry about an existing custody order and ultimately enter a ruling upon the case was legal

error . . . ." *Id.* at 13. Therefore, Father requests that we vacate the trial court's order and remand the matter for further proceedings "regarding jurisdiction or lack thereof in regarding to Perry County." *Id.*

Section 5422 of the UCCJEA sets forth the criteria for determining whether a court that issued an initial custody order retains exclusive, continuing jurisdiction of the underlying custody matter. *See* 23 Pa.C.S. § 5422; *see also* 23 Pa.C.S. § 5471 (stating that the UCCJEA provisions "allocating jurisdiction and functions between and among courts of different states shall also allocate jurisdiction and functions between and among the courts of common pleas of this Commonwealth"). "[A] court of this Commonwealth which has made a child custody determination . . . has exclusive, continuing jurisdiction over the determination" **unless** "a court of [the county which made the initial custody order] or a court of another [county] determines that the child, the child's parents and any person acting as a parent do not presently reside in this [county which made the initial custody order]." 23 Pa.C.S. § 5422(a)(2); *see also J.K. v. W.L.K.*, 102 A.3d 511, 516 (Pa. Super. 2014).

"[A S]ection 5422 determination does not involve a trial court's decision regarding whether to exercise jurisdiction that has been established. Rather, a [S]ection 5422 determination implicates the subject matter jurisdiction of the trial court." *S.K.C. v. J.L.C.*, 94 A.3d 402, 408 (Pa. Super. 2014). Therefore, our proper standard of review here is *de novo* and our scope of review is plenary. *See id.*

Here, the trial court explained:

Mother filed a verified emergency complaint for custody on or about September 20, 2022, which listed [Mother] and [C]hild's address as Duncannon, Perry County, Pennsylvania, and [Father's] address as Harrisburg, Dauphin County, Pennsylvania. [Mother's] complaint indicated that [C]hild had resided with [Mother] at the Duncannon, Perry County address for two years as of September 2022. [Father's] Dauphin County address was subsequently reaffirmed to the [c]ourt at a February 17, 2023 hearing wherein [Mother] requested to serve the emergency complaint for custody by alternative means. During this hearing, and in [Mother's] motion for service pursuant to special order of court filed January 26, 2023, it was reaffirmed that [Father's] whereabouts were in Dauphin County, Pennsylvania, as was noted in a protection for abuse [(PFA)] action filed in the Dauphin County Court of Common Pleas.

As such, this Court finds that neither [Father], [Mother], nor the subject child resided in Cumberland County, Pennsylvania when Mother's emergency complaint for custody was filed in September 2022. Since [Mother] and the child did reside in Perry County, Pennsylvania, the [c]ourt finds the Court of Common Pleas of the 41st Judicial District had jurisdiction pursuant to the UCCJEA.

Trial Ct. Op., 7/5/24, at 2.

Following our review of the record, we agree with the trial court's conclusion. Although Cumberland County Court of Common Pleas made an initial custody determination in 2016, the record reflects that none of the parties were residing in Cumberland County at the time Mother filed the instant custody petition in 2022. Indeed, Mother and Child were living in Perry County, while Father was residing in Dauphin County. Therefore, because the trial court determined that the parties no longer resided in Cumberland County, the trial court correctly concluded that it had jurisdiction over the

instant custody matter.  ***See*** 23 Pa.C.S. § 5422(a)(2); ***see also J.K.***, 102 A.3d at 516.  Accordingly, Father is not entitled to relief.[2]

Order affirmed.  Jurisdiction relinquished.

Judgment Entered.

_____

Benjamin D. Kohler, Esq.
Prothonotary

Date: 9/04/2024

_____

[2] We note that Father did not preserve any challenge to the merits of the underlying relocation order at the hearing or in his Rule 1925(b) statement.  ***See*** Rule 1925(b) Stmt., 10/26/23, at 1-4.  Further, although Father cites the statute outlining the relocation factors in his brief, ***see*** Father's Brief at 5, he does not develop any argument concerning the trial court's application of those factors or identify any claim of error by the trial court.  Therefore, to the extent Father intended to challenge the underlying basis for the relocation order, his claim is waived.  ***See*** Pa.R.A.P. 302(a) (stating that "[i]ssues not raised in the trial court are waived and cannot be raised for the first time on appeal"); Pa.R.A.P. 1925(b)(4)(vii) (explaining that issues that are not included in a Rule 1925(b) statement are waived); ***In re R.D.***, 44 A.3d 657, 674 (Pa. Super. 2012) (reiterating that this Court "will not develop arguments on behalf of an appellant" and may find waiver when "defects in a brief impede our ability to conduct meaningful appellate review" (citation and quotation marks omitted)).