J-A02006-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

A.J.Z.                                          :   IN THE SUPERIOR COURT OF
                                                :         PENNSYLVANIA
                    Appellee                    :
                                                :
            v.                                  :
                                                :
J.A.J.                                          :
                                                :
                    Appellant                   :   No. 2488 EDA 2016

Appeal from the Order July 6, 2016
In the Court of Common Pleas of Montgomery County
Civil Division at No(s):  No. 2014-21138

BEFORE:  OTT, RANSOM, and FITZGERALD[*], JJ.

MEMORANDUM BY OTT, J.:                          **FILED FEBRUARY 28, 2017**

J.A.J. ("Mother") appeals from the order entered July 6, 2016, in the

Court of Common Pleas of Montgomery County, which dismissed Mother's

emergency petition for special relief on the basis that the Montgomery

County trial court is without jurisdiction to address Mother's child custody

claims.  After careful review, we vacate and remand.

The relevant facts and procedural history underlying Mother's appeal

are as follows.  On June 28, 2016, Mother filed, in Montgomery County, a

petition entitled "Emergency Petition for Special Relief Re: Custody."  In her

petition, Mother averred that she is the mother of A.J.Z. ("Child"), a female

born in February 2010.  **See** Emergency Petition for Special Relief Re:

Custody, 6/28/2016, at ¶ 3.  Mother further averred that she and Child's

_____

[*] Former Justice specially assigned to the Superior Court.

father, A.J.Z. ("Father") are subject to child custody orders entered on October 26, 2015, and April 5, 2016, in the Court of Common Pleas of Philadelphia County, pursuant to which she maintains primary physical custody of Child, and Father maintains partial physical custody. *Id.* at ¶ 2, 4, 8, 18, 21. Mother averred she moved from Philadelphia County to Montgomery County in 2013, and that Father only "temporarily resided in Philadelphia several months per year from 2010 to 2012," and now resides in North Carolina. *Id.* at ¶ 5-6. Based on her relocation to Montgomery County, Mother averred Philadelphia County no longer has jurisdiction over this custody case pursuant to the Uniform Child Custody Jurisdiction and Enforcement Act ("UCCJEA"), 23 Pa.C.S.A. §§ 5401–5482, and requested that Montgomery County assume jurisdiction.[1] *Id.* at ¶ 8, 12, 15, 19-20. Finally, Mother averred she petitioned the Philadelphia trial court to transfer this case to Montgomery County in 2013 and 2015, but that the court refused. *Id.* at ¶ 6-7.

On July 6, 2016, the Montgomery County trial court entered an order dismissing Mother's petition, on the basis that Philadelphia County maintains exclusive, continuing jurisdiction over the parties' custody dispute pursuant

---

[1] In addition, Mother averred Child would be spending most of the summer in Father's physical custody in North Carolina. *See* Emergency Petition for Special Relief Re: Custody, 6/28/2016, at ¶ 24. Mother requested Father's summer custodial period with Child be suspended, as residing with Father was causing Child "significant distress[.]" *Id.* at ¶ 31.

- 2 -

to the UCCJEA. The court explained, "the Philadelphia [County] Court of Common Pleas is the sole determinant of whether it retains exclusive, continuing jurisdiction in this case. Until that court decides that it does not, this Court lacks jurisdiction to act in the parties' custody litigation." Order, 7/8/2016, at 1 n.1. The court further directed the Montgomery County Prothonotary to mark the case as "closed." *Id.* at 2. Mother filed a motion for reconsideration on July 18, 2016, which the court denied by order entered August 3, 2016. Mother timely filed a notice of appeal on August 5, 2016, along with a concise statement of errors complained of on appeal.[2]

Before reaching the merits of Mother's appeal, we acknowledge that, on August 26, 2016, the Montgomery County trial court filed a letter in this Court requesting that this matter "be reviewed for entry of an order quashing the appeal." Letter, 8/26/2016, at 1. In its letter, the court explained the trial court in Philadelphia County issued a *sua sponte* order dated June 30, 2016, indicating that it intended to retain exclusive, continuing jurisdiction over the parties' custody dispute. *Id.* at 2. Mother then filed an appeal from that order, which this Court quashed by way of a *per curiam* order entered August 15, 2016. *Id.* According to the Montgomery County trial court, this Court "specifically state[d] in its own

_____

[2] We conclude the July 6, 2016 order is an appealable, final order, as the trial court disposed of all claims and all parties by concluding that it lacks jurisdiction and refusing to address Mother's request to modify the parties' summer custody schedule. *See* Pa.R.A.P. 341(b)(1).

August 15, 2016 Order that Philadelphia continues to have exclusive jurisdiction," and this matter "should have been deemed moot." Trial Court Opinion, 9/30/2016, at 4 n.4.

After review, we conclude the Montgomery County trial court misconstrued our *per curiam* order of August 15, 2016. The order, which was filed at Docket No. 2386 EDA 2016, and addressed Mother's appeal from the June 30, 2016, order of the Philadelphia Court of Common Pleas, provided as follows:

> Appellant, [Mother], has filed an appeal from the Philadelphia County Court of Common Pleas order of June 30, 2016 that requested that Montgomery County Court of Common Pleas refrain from exercising jurisdiction over emergency petition for special relief regarding custody matter filed in Montgomery County by [Mother]. The June 30th [order] references an October 26, 2015 order that established a final custody order and directed that Philadelphia Court of Common Pleas have exclusive continuing jurisdiction over the parties' custody matter until further order of court. The June 30th order notes that the October 26th order was not appealed and that the trial court in Philadelphia continues to have exclusive jurisdiction over the parties' custody matter.
>
> Pa.R.A.P. 341(b)(1) states: "A final order is any order that disposes of all claims and of all parties."
>
> Accordingly, the appeal at No. 2386 EDA 2016 is hereby **QUASHED**.

Order, 8/15/2016. By quoting the language of the Philadelphia Common Pleas court, we did not affirm its request that Philadelphia County retain jurisdiction of this custody matter. Rather, we quashed Mother's appeal on the basis that the June 30, 2016, order was not a final order pursuant to Pa.R.A.P. 341(b)(1). ***Id.*** Because we conclude the July 6, 2016,

- 4 -

Montgomery County order dismissing Mother's petition for special relief is final,[3] we decline the request of the Montgomery County trial court to quash this appeal.

On appeal, Mother raises two issues for our review.

A. Whether the trial court erred as a matter of law and/or committed an abuse of discretion when it dismissed Mother's Emergency Petition for Special Relief for lack of jurisdiction and directed Court Administration to close the miscellaneous custody docket established as a result of a properly registered foreign custody order on the grounds that the Philadelphia Court of Common Pleas was the sole determinant of whether it had continuing and exclusive jurisdiction under the [UCCJEA], especially when 23 Pa[.]C.S.A. § 5422(a)(1)-(2) specifically authorizes a Court of this Commonwealth or the Court of another state to make a determination that the child and neither parent continue to reside in the Commonwealth for purposes of continuing and exclusive jurisdiction?

B. Whether the trial court erred and/or committed an abuse of discretion when it dismissed Mother's Emergency Petition for Special Relief for lack of jurisdiction and directed Court Administration to close the miscellaneous custody docket established as a result of a properly registered foreign custody order, without making a determination of whether Mother, Father or the child reside in Philadelphia?

Mother's Brief at 5.

We begin with our well-settled standard of review.

A court's decision to exercise or decline jurisdiction is subject to an abuse of discretion standard of review and will not be disturbed absent an abuse of that discretion. Under Pennsylvania law, an abuse of discretion occurs when the court has overridden or misapplied the law, when its judgment is

---

[3] *See supra* n.2.

manifestly unreasonable, or when there is insufficient evidence of record to support the court's findings. An abuse of discretion requires clear and convincing evidence that the trial court misapplied the law or failed to follow proper legal procedures.

*J.K. v. W.L.K.*, 102 A.3d 511, 513 (Pa. Super. 2014), *quoting* ***Lucas v. Lucas***, 882 A.2d 523, 527 (Pa. Super. 2005).

In her first issue, Mother argues the trial court erred or abused its discretion by refusing to assume jurisdiction over the parties' custody case pursuant to the UCCJEA. Specifically, Mother contends Philadelphia County no longer has exclusive, continuing jurisdiction over this matter, and the Montgomery County trial court incorrectly concluded that it needed the approval of the Philadelphia County trial court in order to address Mother's petition for special relief. *See* Mother's Brief at 13-25.

At the outset, we must address the applicability of the UCCJEA to this case.

> Pennsylvania adopted the UCCJEA in 2004. The purpose of the UCCJEA is to avoid jurisdictional competition, promote cooperation between courts, deter the abduction of children, avoid relitigation of custody decisions of other states, and facilitate the enforcement of custody orders of other states. 23 Pa.C.S.A. § 5401, Uniform Law Comment. While the UCCJEA is applicable to interstate proceedings, our Legislature has determined that its provisions "allocating jurisdiction and functions between and among courts of different states shall also allocate jurisdiction and functions between and among the courts of common pleas of this Commonwealth." 23 Pa.C.S.A. § 5471.

> In order to effectuate this legislative mandate, our supreme court has promulgated specific rules for applying the provisions of the UCCJEA to intrastate custody disputes. The rules recognize that all counties within the Commonwealth maintain subject matter jurisdiction of custody disputes. However, Pennsylvania Rule of Civil Procedure 1915.2 governing

- 6 -

venue of custody matters defines how and what county may properly exercise that jurisdiction. The rule provides:

**Rule 1915.2. Venue**

(a) An action may be brought in any county

(1)(i) which is the home county of the child at the time of commencement of the proceeding, or

> (ii) which had been the child's home county within six months before commencement of the proceeding and the child is absent from the county but a parent or person acting as parent continues to live in the county; or

> (2) when the court of another county does not have venue under subdivision (1), and the child and the child's parents, or the child and at least one parent or a person acting as a parent, have a significant connection with the county other than mere physical presence and there is available within the county substantial evidence concerning the child's, protection, training and personal relationships[.]

*J.K.*, *supra*, 102 A.3d at 513–514.

The facts of *J.K.* are nearly identical to the instant matter. In that case, Father and Mother entered into a stipulated child custody order in Chester County. *Id.* at 512. Both parties resided in Chester County at that time, but later relocated to Montgomery County. *Id.* After the parties had been living in Montgomery County for approximately two years, Father filed a petition in Chester County to transfer the parties' custody case to Montgomery County. *Id.* The Chester County trial court denied the petition. *Id.*

On appeal, a panel of this Court characterized Father's request to transfer the parties' custody case as a request to transfer venue rather than jurisdiction. *Id.* at 515. The panel observed that the terms "venue" and "jurisdiction" are often used interchangeably, but in reality represent distinct concepts. *Id.* at 513. While subject matter jurisdiction refers to "the competency of a given court to determine controversies of a particular class or kind," venue refers to "the place in which a particular action is to be brought and determined, and is a matter for the convenience of the litigants." *Id.*, *quoting* **In re R.L.L.'s Estate**, 409 A.2d 321, 322 n.3 (Pa. 1979). The panel further stated that all counties in Pennsylvania have subject matter jurisdiction to address child custody cases. *Id.* at 514. However, a county is only permitted to exercise that jurisdiction if it has proper venue. *Id.*

With regard to the particular facts before it, the **J.K.** Court determined Montgomery County was the appropriate venue for the parties' custody dispute pursuant to Pa.R.C.P. 1915.2(a)(1), as it was the "home county" of the parties' children. *Id.* at 515. Additionally, the panel concluded Chester County did not meet the requirements for proper venue under either Pa.R.C.P. 1915.2(a)(1) or (2), reasoning "it is clear that Chester County is no longer the home county for the Children [and Rule] 1915.2(a)(2) cannot apply because another county[,] specifically, Montgomery County, now meets the provisions of [Rule] 1915.2(a)(1)." **Id.**

The **J.K.** Court then proceeded to address whether Chester County maintained "exclusive, continuing venue" over the dispute pursuant to Section 5422 of the UCCJEA. **Id.** at 515-516. The panel explained, "As it relates to **intrastate** determinations, Section 5422 of the UCCJEA defines the exercise of exclusive, continuing venue to determine whether the court with initial custody venue, in this case Chester County, maintains venue in subsequent proceedings." **Id.** (emphasis supplied).

The panel adapted the language of Section 5422 to apply to intrastate disputes as follows:

> **§ 5422. Exclusive, continuing jurisdiction**
>
> **(a) General rule.**—Except as otherwise provided in section 5424 (relating to temporary emergency jurisdiction), a court of this Commonwealth which has made a child custody determination consistent with section 5421 (relating to initial child custody jurisdiction) or 5423 (relating to jurisdiction to modify determination) has exclusive, continuing jurisdiction over the determination until:
>
> > (1) a court of [the county which made the initial custody order] determines that neither the child, nor the child and one parent, nor the child and a person acting as a parent have a significant connection with [its county] and that substantial evidence is no longer available in [its county] concerning the child's care, protection, training and personal relationships; or
> >
> > (2) a court of [the county which made the initial custody order] or a court of another [county] determines that the child, the child's parents and any person acting as a parent do not presently reside in this [county which made the initial custody order].
>
> **(b) Modification where court does not have exclusive, continuing jurisdiction.**—A court of [a county] which has made a child custody determination and does not have

- 9 -

exclusive, continuing jurisdiction under this section may modify that determination only if it has jurisdiction to make an initial determination under section 5421.

*Id.* at 516, *quoting* 23 Pa.C.S. § 5422.

Pursuant to the dictates of Section 5422, the panel concluded Chester County "ha[d] lost the exclusive, continuing authority to exercise its venue over [the] matter," as neither the parties' nor their children had resided in Chester County since March or April of 2011. *J.K.*, 102 A.3d at 516 (footnote omitted). The *J.K.* Court therefore reversed the order of the Chester County trial court and granted Father's request to transfer the custody proceedings to Montgomery County. *Id.* at 517.

Applying *J.K.* to the facts *sub judice*, we conclude the Montgomery County court misapplied Section 5422 when it dismissed Mother's petition for special relief without conducting a hearing. As noted above, Mother averred in her petition that she has resided in Montgomery County since 2013, and that she maintains primary physical custody of Child. Moreover, she further averred Father has not resided in Philadelphia County since 2012 and currently resides in North Carolina. Father does not dispute these averments. Accordingly, if these averments are true, pursuant to the dictates of Section 5422 and Rule 1915.2, Montgomery County would be Child's "home county," and the appropriate venue for the parties' custody dispute. Further, Philadelphia County would no longer possesses the "exclusive, continuing authority to exercise its venue over this matter" pursuant to Section 5422.

- 10 -

In reaching this conclusion, we reject the Montgomery County trial court's conclusion that only a court in Philadelphia County is empowered to render a determination as to exclusive, continuing venue. Indeed, the Montgomery County court relied on the comment to Section 5422, which provides, in relevant part: "The use of the phrase 'a court of this state' under subsection (a)(1) makes it clear that the original decree state is the sole determinant of whether jurisdiction continues." Trial Court Opinion, 9/30/2016, at 7, *quoting* 23 Pa.C.S. § 5422, Comment. While the court correctly found it would not be permitted to assume venue over this matter pursuant to Section 5422(a)(1), the court failed to consider the applicability of Section 5422(a)(2). As the panel stated in *J.K.*, Section 5422(a)(2) provides that exclusive, continuing venue ends if "a court of [the county which made the initial custody order] **or a court of another [county]** determines that the child, the child's parents and any person acting as a parent **do not presently reside** in this [county which made the initial custody order]." *J.K.*, *supra*, 102 A.3d at 516, *quoting* 23 Pa.C.S.A. § 5422 (emphasis added). *See also* 23 Pa.C.S. § 5422, Comment ("If the child, the parents, and all persons acting as parents have all left the state which made the custody determination prior to the commencement of the modification proceeding, considerations of waste of resources dictate that a court in state

- 11 -

B, as well as a court in state A, can decide that state A has lost exclusive, continuing jurisdiction.").[4]

Based on the foregoing, we conclude the trial court abused its discretion by dismissing Mother's emergency petition for special relief. We therefore vacate the order dismissing Mother's petition, and remand this matter to the Montgomery County trial court to hold a hearing on the petition within thirty days of the date of this Memorandum.[5,6]

_____

[4] This Court addressed a similar situation in **A.L.-S. v. B.S.**, 117 A.3d 352 (Pa. Super. 2015). In that case, both Mother and Father moved to Lawrence County, Pennsylvania, from Cuyahoga County, Ohio, where they were subject to a previously-entered child custody order. **Id.** at 354. Thereafter, Mother filed a petition for special relief in Lawrence County, and the Lawrence County trial court denied her petition on the basis that the Cuyahoga County court had not issued an order relinquishing jurisdiction. **Id.** at 355. A panel of this Court reversed on appeal, concluding that the Lawrence County court was empowered to assume jurisdiction regardless of whether or not the Cuyahoga County court had relinquished jurisdiction. **Id.** at 360.

[5] In her second issue, Mother argues the trial court improperly directed the Montgomery County Prothonotary to mark this case as "closed." Mother's Brief at 26-27. She asserts that, even if the trial court did not abuse its discretion or err by dismissing her petition for special relief, she properly registered a Philadelphia County custody order in Montgomery County, which the Montgomery County trial court has the authority to enforce. **Id.** Because we conclude Mother's first issue is dispositive of this appeal, we need not address the merits of this alternative argument.

[6] On November 21, 2016, this Court received a letter from Father, in which he indicated that he did not intend to file a brief in this matter. Letter, 11/21/2016. However, Father asserted that Mother "is abusing the system in [sic] a means of harassing [F]ather and I request the courts to sanction the petitioner's attorney and caution her against future frivolous filings." **Id.**
*(Footnote Continued Next Page)*

- 12 -

Order vacated. Case remanded for reinstatement of Mother's petition for special relief, and proceedings consistent with this Memorandum. Jurisdiction relinquished.

Judgment Entered.

_Joseph D. Seletyn_

Joseph D. Seletyn, Esq.
Prothonotary

Date: 2/28/2017

---

*(Footnote Continued)* ──────────

Given our conclusion that Mother's appeal is meritorious, we see no basis upon which to sanction or caution Mother's attorney.